## TOWN OF ESSEX *v.* FRENCH AND OTHERS.

*Taxes.    Collector.    Gen. Sts. c. 84, ss. 64, 65.*

The State Treasurer issued a warrant for the collection of a tax, based on an abstract of a list that was $644 less than the true list, with an allowance of $74.73 for abatements. The selectmen made a tax-bill based on the true list, which amounted to $257.35 more than said warrant, and delivered it to the collector, taking his receipt for the full amount named in the warrant, and a separate receipt for the amount by which the tax-bill exceeded the warrant. In debt on the collector's bond, the town sought to recover the amount allowed in the warrant for abatements, less $24.16 subsequently abated by the selectmen, together with the amount by which the warrant exceeded the tax-bill, with interest thereon. The town officers had been accustomed to treat the abatements as the collector's perquisite, and the collector did not expect to be called on to account therefor. *Held,* that under s. 64, c. 84, Gen. Sts., the collector was accountable to the town for all of the abatements not allowed to him by the selectmen, without regard to previous custom; and that under s. 65 of the same chapter, he was accountable in like manner for the excess of the State tax remaining in his hands after satisfying the warrant of the State Treasurer, and that the non-payment thereof constituted a breach of his bond.

DEBT on bond conditioned for the faithful performance by defendant French of the duties of first constable and collector of taxes of the town of Essex. The case was referred, and the referee reported in substance as follows :

At the annual March meeting of the town of Essex in 1872, the defendant, Lucian W. French, was duly elected first constable, and afterwards, on the 6th of the same month, he as principal, and the other defendants as sureties, executed and delivered to the town a bond in the penal sum of $10,000, conditioned for the faithful performance of the duties of that office and of collector of taxes of said town for the year ensuing. On December 6, 1872, the State Treasurer issued to said French as such constable and collector, a warrant in due form based on the abstract of the grand list of said town for 1872 returned by the listers of

said town to the Secretary of State, for the collection of a tax of forty cents on the dollar, which amounted, as therein set forth, to the sum of $2,989.08, and therein directed him to pay the same into the State treasury on or before June 1st then next, less an abatement of one fortieth, and two per cent. for collection. The sum so to be abated was $74.73, and the fee for collection was $58.29, so that the net sum to be paid into the treasury was $2,856.06. It appeared that the abstract of the grand list returned by the listers of the town to the Secretary of State on which the State Treasurer based his warrant, was not a true abstract, but was less in amount than the true list by $644. On January 9, 1873, the selectmen of the town duly made out and delivered to French a tax of forty cents on the dollar on the true list of 1872, which was duly made and sworn to, amounting to $3,246.43, a sum $257.35 in excess of the sum required by the warrant of the State Treasurer to be paid into the State treasury. On the same day French executed and delivered to the selectmen two receipts of that date ;—one purporting to be for a State tax of forty cents on the dollar on the list of 1872, amounting to $2,989.08, to be paid into the State treasury by June 1, 1873, and one purporting to be for an excess of the amount due the State of $257.35, to be paid into the town treasury. French collected all of the State tax but about $150, which afterwards became outlawed, and paid into the State treasury $2,856.06, the full amount required by the State Treasurer's warrant ; but he never paid into the town treasury any part of the sum allowed as abatements in the State Treasurer's warrant, nor any part of the $257.35 for which he gave receipt as aforesaid. As it had not been customary for the town to require its former collectors to account for such abatements, the town officers having treated them as colleclectors' perquisites, French did not expect to be called on to account for the abatement ; but no officer of the town ever agreed to allow him that abatement as a perquisite or otherwise, nor was any such contract ever made with any previous collector. The town officers called on French at different times for what he was in arrear to the town, and in August, 1875, and before the bringing of this action, the town treasurer made particular demand on him for all money due from him to the town, and asked him to pay and take up all of his receipts for taxes, but neither then nor at any time demanded *eo nomine* the abatement allowed in the State Treasurer's warrant, nor was any such demand ever made by any one. The town seeks to recover in this action for a breach of the bond in not paying over to the town the sum allowed in abatement in the State Treasurer's warrant, less $24.16 subse-

quently abated by the selectmen, together with the $257.35 for said excess, and interest thereon. The question is, whether upon the facts found the plaintiff can recover said sums or either of them.

At the September Term, 1877, the court, PIERPOINT, C. J., presiding, rendered judgment on the report for the plaintiff for the full amount claimed, with interest thereon; to which the defendants excepted.

*M. A. Bingham* and *R. S. Taft*, for the defendants.

The plaintiff is not entitled to recover any of the sums mentioned in the report. The excess of State tax is not such an excess as is contemplated in s. 65, c. 84, Gen. Sts.; and under the circumstances of the case, the town has no right to exercise any control over it.

The excess of State tax contemplated by the statute, is such an excess as arises from computing the tax on the whole amount of the grand list of a town, at the rate per cent. assessed by the State, under c. 84, s. 3, Gen. Sts., while the selectmen, in making up the tax-bill as required by s. 46, c. 15, Gen. Sts., compute the tax on each tax-payer's list separately. Here the excess does not arise in that manner, but is created by plaintiff's keeping back $644 of the grand list in the sworn abstract required to be returned to the Secretary of State.

Does not the doctrine that there shall be no contribution among wrong doers, and that no one shall take advantage of his own wrong, preclude the plaintiff from recovering? *Spaulding* v. *Oakes*, 42 Vt. 343; Shearm. & Redf. Negl. ss. 135, 136.

A collector of taxes and his sureties are only liable for the performance of the official duties of the collector. The only authority the collector had for collecting the tax was contained in the warrant issued by the State Treasurer, and the collector fully satisfied that warrant. Had not the collector then fully exhausted his authority? Can it be claimed that the collector or his sureties are liable for the collection of a tax that the collector had no authority to, and in fact did not, collect? Shearm. & Redf. Negl. ss. 172, 173. Are the sureties liable for that portion of the ex-

cess that the collector did actually collect ? We think not. They were sureties only for the legal performance of an official duty, and the collector in assuming to collect the excess went beyond those duties.

Can a collector of taxes be required to collect a tax or perform a duty gratuitously for a town ? Such would be the result of allowing the plaintiff to recover.

Neither the collector nor his sureties are liable for any portion of the abatement. The plaintiff's selectmen so conducted in regard to it as to allow it as a perquisite.

*L. L. Lawrence*, for the plaintiff.

Here was a State tax, legally assessed, on a legal grand list, correctly and legally made by the selectmen, and placed by them in the hands of the collector, with a legal warrant from the treasurer of the State, directing him to collect it. It was clearly his duty to collect it.

' The tax when footed up exceeded the amount due the State by the sum of $257.35. That sum is due from the collector to the town, because he promised to pay the same into the town treasury, and because by s. 65, c. 84, Gen. Sts. he is made liable to the town therefor.

The sum allowed for abatements in the Treasurer's warrant, and not abated by the town authorities, was $50.57. The defence set up to that item ought not to prevail. The fact that other constables had treated money that it was their duty, by law, to pay over to the town, as perquisites, without any contract or understanding to that effect, is no defence. The collector's expectations, without any assent thereto on the part of the town, cannot help him. No demand was necessary. It was his duty when he collected the money to pay it over without a demand. Gen. Sts. c. 84, s. 64. But if any demand was necessary, one for all money due from him to the town, was sufficient.

The tax was all collected except $150. The collector has in his hands, then, $182.62 belonging to the town. This the defendants are liable for, whether the proceedings for the collection of the tax were legal or not. *Tunbridge* v. *Smith*, 48 Vt. 649. But

the defendants are also liable for the $150 not collected, but left to become outlawed through the neglect of the constable. The bond was conditioned for the faithful performance of all the duties of the office. ·

The opinion of the court was delivered by

Ross, J. The act of 1872, assessing a State tax of forty cents on the dollar of the grand list, allowed to the constables one fortieth of same for abatements. This, for the town of Essex, amounted to $74.73. Section 64, c. 84, Gen. Sts., renders said defendant French accountable to the plaintiff for so much of said sum as should not be allowed to him by way of abatements. There was allowed said French by way of abatements, $24.16, leaving of $74.73 allowed by the State for abatements, $50.57, for which said French was accountable to the plaintiff. In failing to pay this sum to the town treasurer, the defendant French committed a breach of his bond, which rendered all the defendants liable thereon therefor. The fact that the town had not exacted the excess of the abatements from former constables, but had allowed them to retain it as a perquisite, does not vary the legal duty and liability of defendant French to account for the same.

Sec. 65, c. 84, Gen. Sts., makes the first constable or collector of taxes accountable to the town for the excess of the State tax which may remain in his hands after satisfying the warrant of the Treasurer of the State. It is found by the referee that the listers of the plaintiff for 1872, in making the abstract of the grand list of the town which the town clerk returned to the Secretary of State as the basis for the assessment of the State tax, failed, for some reason not disclosed, to include all the grand list. The sum thus left out of the abstract was $644. Consequently, the assessment of a tax of forty cents on the dollar of the entire grand list of the plaintiff for that year produced $257.35 more than was called for by the Treasurer's warrant to be paid into the State treasury. This sum the defendant French, as first constable or collector of taxes collected, or should have collected, as is disclosed by the report of the referee, and failed to pay it over to

the town treasurer. He claims that this sum is not such an excess as is contemplated by sec. 65. Doubtless it is a larger sum than was contemplated by said section as arising ordinarily from the assessment of the State tax. But the statute has not limited the amount nor kind of excess for which the collector shall be accountable. It is evident that it was the intent of the statute to make the excess of the state tax, from whatever cause arising, payable to the town treasurer. It would be not only unjust but unconstitutional to assess, and arm the constable with power to compel the payment of, a tax for his own gain. That would be taking the property of the tax-payer for a private purpose. When paid into the town treasury, it is held for public use and purposes, as much as when paid into the State treasury. If the listers of the town, in making the abstract, acted corruptly towards the State—although there is no evidence that they so acted, and the presumption is that the discrepancy between the abstract and grand list arose from mistake, innocently—it furnishes no reason nor justification for the defendant French's acting in like manner, against the plain provisions of the statute.

Judgment affirmed.